## Elmer W. Jarnecke, Appellee, v. Chicago Consolidated Traction Company, Appellant.

### Gen. No. 19,979.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed December 22, 1914.

### Statement of the Case.

Action by Elmer W. Jarnecke against the Chicago Consolidated Traction Company for personal injuries. There were four trials of the case, including the trial on review, and there were two appeals prior to the present appeal. See *Jarnecke v. Chicago Consolidated Traction Co.*, 150 Ill. App. 248, 175 Ill. App. 424. In the opinion filed in the second appeal is a general statement of the pleadings and evidence.

JOHN E. KEHOE and FRANK L. KRIETE, for appellant; W. W. GURLEY and JOHN R. GUILLIAMS, of counsel.

EMERY S. WALKER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1734*—*when former decision is law of case.* A holding on a prior appeal that evidence failed to sustain a charge of negligence is not binding on a subsequent appeal where the evidence is materially different.

2. MASTER AND SERVANT, § 161*—*what duties of master cannot be delegated.* The duty of inspection of appliances is on the master and cannot be delegated.

3. MASTER AND SERVANT, § 123*—*what are duties as to safe place of work.* A master is bound to furnish a servant with a safe place in which to work, and noncompliance with this duty is not one of the ordinary risks assumed by the servant.

4. MASTER AND SERVANT, § 123*—*what is extent of master's duty as to place of work.* The duty of the master to furnish a safe place of work is continuing, and if the place is made unsafe by reason of the master's negligence without the servant's knowledge, the master is liable for the injury.

5. MASTER AND SERVANT, § 447*—*when servant may rely on care of master.* A servant may assume that a master has provided a safe place of work, unless he has notice of the danger or the unsafe condition is obvious, in which case he assumes the risk.

6. MASTER AND SERVANT, § 714*—*what is question for jury.* In an action for injuries sustained by a servant, the question whether wire on a street car was out of order when such servant took charge of the car was for the jury, the defect not being apparent, and since the evidence was sufficient to sustain a finding of negligence the verdict would not be interfered with.

7. MASTER AND SERVANT, § 777*—*when instruction not misleading.* In an action for personal injuries, an instruction that the jury was not bound to consider the evidence evenly balanced when two witnesses contradicted each other, but that the surrounding facts might be considered, was not erroneous as misleading or as invading the province of the jury.

8. MASTER AND SERVANT, § 807*—*when instruction as to assumed risk not erroneous.* In an action for personal injuries, an instruction that a servant is not bound to inspect appliances but may assume that they are safe, and that such servant is only bound to take notice of such defects as actually come to his knowledge, or would be disclosed by ordinary care, and applying such rules to the evidence, was not misleading or inapplicable.

9. MASTER AND SERVANT, § 790*—*what facts may be assumed in instruction.* In an action by a servant for personal injuries,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

where there was no controversy that a defect in a street car existed at the time of the injury, such defect could be assumed to exist in an instruction as a fact.

10.   DAMAGES, § 110*—*when verdict not excessive.*   A verdict of five thousand dollars for personal injuries *held* not excessive, or the result of passion of prejudice, or improper argument of counsel.